1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

BRUCE ALLEN,
CDC #C-61243,

11

Civil No.      06-2291 L (JMA)

12

Plaintiff,

**ORDER SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)**

13

vs.

14

JAMES DAVIS, et al.,

15

Defendants.

16
17

Plaintiff, Bruce Allen, a state prisoner currently incarcerated at Calipatria State Prison in

18

Calipatria, California and proceeding pro se, has filed a civil rights action filed pursuant to 42

19

U.S.C. § 1983.  Plaintiff was sentenced in 1983 to life in prison without the possibility of parole

20

("LWOP").  (*See* Comp. at 4) Plaintiff claims that the Board of Prison Terms has violated his

21

due process rights under the Fourteenth Amendment due to their failure to provide Plaintiff with

22

a "post-conviction review hearing" to determine whether he is suitable for commutation of his

23

sentence. (*Id.* at 8-9.) Plaintiff has prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a).

24

## I.      Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)

25

### A.      Standard of Review

26

Pursuant to the Prison Litigation Reform Act, all federal courts are required to engage in

27

a preliminary screening of cases filed by prisoners that seek redress from a governmental entity,

28

officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must

dismiss prisoner complaints, or any portion of a prisoner complaint, which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendants immune from such relief.  28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 200 F.3d 641, 644 (9th Cir. 2000).

"Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts on the light most favorable to the plaintiff." *Resnick*, 200 F.3d at 644; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  Nevertheless, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Even liberally construed, Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b) for the reasons set forth below.

**B.      Failure to State a Claim**

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**C.      Due Process Violations**

In 1983, Plaintiff received the sentence of life imprisonment without the possibility of parole ("LWOP").  (*See* Compl. at 4.)  At the time of Plaintiff's sentencing, California regulations were in effect that required the Board of Prison Terms to consider the application of any LWOP prisoner with no more than one felony conviction for referral to the Governor for "reprieves, pardons and commutations of sentence." *See* CAL. CODE REGS. tit. 15 § 2816(b) (repealed 1993).  The former law required the Board to consider such applications twelve (12)

1   years after the prisoner was sentenced, and every three (3) years thereafter. *Id.*  Plaintiff claims
2   that his due process rights have been violated because he has never received consideration by
3   the Board of Prison terms for possible referral to the Governor of the State of California to have
4   his sentence commuted to life with the possibility of parole.  (Compl. at 8-9, 12.)

5        "The requirements of procedural due process apply only to the deprivation of interests
6   encompassed by the Fourteenth Amendment's protection of liberty and property."  *Board of*
7   *Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant
8   prisoners liberty interests sufficient to invoke due process protections.  *Meachum v. Fano*, 427
9   U.S. 215, 223-27 (1976).   However, the Supreme Court has significantly limited the instances
10  in which due process can be invoked.  Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995),
11  a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth
12  Amendment only if he alleges a change in confinement that imposes an "atypical and significant
13  hardship . . . in relation to the ordinary incidents of prison life."  *Id.* at 484 (citations omitted);
14  *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

15       In this case, Plaintiff argues that a repealed section of Title 15 of the California Code of
16  Regulations creates a liberty interest.  Specifically, former code section CAL. CODE REGS. tit.
17  15 § 2817 provided an avenue by which the Board of Prison Terms was *required* to review the
18  case of a prisoner, like Plaintiff, twelve years after his sentence began to determine whether
19  referral to the Governor was appropriate for potential commutation of his sentence.  *See*  CAL.
20  CODE REGS. tit. 15 § 2817 (repealed 1993) (emphasis added).  Here, Plaintiff did not receive any
21  consideration from the Board of Prison Terms because this section was repealed before any such
22  review was required.

23       For several reasons, this Court finds that Plaintiff has failed to establish a liberty interest
24  sufficient to invoke due process protections.  First, the code section upon which Plaintiff relies
25  was repealed before the BPT was required to review his case.  Title 15 of the California Code
26  of Regulations § 2817 required the BPT to review Plaintiff's case twelve years after he was
27  sentenced and again every three years after that.  This section was repealed in 1993 and in doing
28  so, eliminated all requirements for a mandatory hearing to determine eligibility for consideration

of commutation of a sentence by the Governor.  Instead, California Penal Code § 4801 currently provides, in part,  "[t]he [BPT] may report to the Governor, from time to time, the names of any and all persons imprisoned in any state prison, who, in its judgment, ought to have a commutation of sentence."

As a general rule. the Court must "presume that statutes affecting substantive rights or obligations apply prospectively only."  *See Duldulao v. I.N.S.*, 90 F.3d 396 (9th Cir. 1996) (citing *Landgraf v. USI Film Products*, 511 U.S. 244, 271 (1994)).  Thus, because this code section upon which Plaintiff relies has been repealed, it simply is no longer mandatory for the Board of Prison Terms to consider whether Plaintiff's sentence should be commuted.

The Supreme Court has also found that a prisoner's desire to achieve a commutation of his sentence does not raise a liberty interest.  *See Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458 (1981).  In *Dumschat*, an inmate argued that the State of Connecticut's clemency procedure violated due process because the Board of Pardons did not provide an explanation for the denial of his application.  *Id*. at 464.  The Court stated "pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review."  *Id.*  Here, Plaintiff claims that he has a liberty interest in having his request for commutation heard before the state Board of Prison Terms.  However, as *Dumschat* makes clear, there is no such liberty interest.  Plaintiff's interest in commutation "'is indistinguishable from the initial resistance to being confined," and that interest has already been extinguished by the conviction and sentence.'" *See Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 281 (1998) (citing *Dumschat*, 452 U.S. at 464)).  Accordingly, a petition for commutation, or the desire to have the petition for commutation heard, is "simply a unilateral hope." *Dumschat*, 452 U.S. at 465.

Even if the Court were to analyze Plaintiff's claims under *Sandin*, this Court would find that he has failed to establish a liberty interest protected by the Constitution because he has not alleged facts related to the conditions or consequences of his confinement  which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486.   To establish a due process violation under *Sandin*, Plaintiff must first show

the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' action or inaction. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Here, Plaintiff is not alleging that Defendants have imposed hardships that are "atypical and significant." He merely is hoping that a Board will consider his request for commutation despite the fact that he has been sentenced to life without the possibility of parole. Therefore the Court finds that Plaintiff has failed to allege a liberty interest, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. § 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above.

**II.    Conclusion and Order**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A. However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

1        2.    The Clerk of the Court is directed to mail a form § 1983 complaint to Plaintiff.

2    **IT IS SO ORDERED.**

3

4    DATED:  April 9, 2007

5     

6                               M. James Lorenz
                           United States District Court Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28